**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4337
_____

UNITED STATES OF AMERICA

v.

MALIK SNELL,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-08-cr-00299-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2015

Before:  CHAGARES, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: February 25, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Malik Snell, a former officer in the Philadelphia Police Department, appeals from an order of the District Court denying his Rule 33 motion for a new trial. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In December 2007, Snell drove two accomplices, Tyree Aimes and Stephen Gibson, to Pottstown, Pennsylvania, where they intended to rob an apartment. While Snell waited in the car, Aimes and Gibson entered the apartment, which was occupied by Stephen Stackhouse and Sharon Ann Minnick. Aimes fought with Stackhouse and Gibson tied up Minnick. Eventually, the robbers fled.

Snell and his accomplices were indicted in May 2008. Snell's accomplices entered guilty pleas, and one of them, Aimes, testified against Snell. Snell's first trial resulted in a mistrial; the second trial produced an acquittal on certain counts and a mistrial on the remaining counts. Following a third trial in 2009, a jury in the United States District Court for the Eastern District of Pennsylvania found Snell guilty of several offenses stemming from the attempted robbery. He was sentenced to 360 months of incarceration. We affirmed the judgment of conviction and sentence. See United States v. Snell, 432 F. App'x 80, 81 (3d Cir. 2011).

In May 2012, Snell filed a pro se motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure based on newly discovered evidence, namely, that, prior to his first trial, the robbery victims had sent to the City of Philadelphia a notice of intent to file a

2

civil lawsuit against Snell and various local authorities. Snell argues that, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), the Government failed to disclose the existence of the civil suit, which established that the robbery victims had a pecuniary interest in the outcome of his criminal trial. The District Court denied the Rule 33 motion, and Snell timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. The denial of a Rule 33 motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion. See United States v. Saada, 212 F.3d 210, 215 (3d Cir. 2000). Rule 33(b)(2) provides that a motion for a new trial may be brought up to three years after the verdict if the motion is grounded upon newly discovered evidence. Fed. R. Crim. Pro. 33(b)(2). A court may grant a new trial if a defendant satisfies five requirements: (1) the evidence must be newly discovered, that is, discovered since the trial; (2) the defendant must have been diligent in discovering the new facts; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must be such that, in a new trial, it would probably produce an acquittal. Government of the V.I. v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985). If the movant fails to satisfy any one of the five elements, the Rule 33 motion must be denied. See United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006); United States v. Jasin, 280 F.3d 355, 365 (3d Cir. 2002).

Snell did not meet his burden here because the evidence of the robbery victims' lawsuit is merely impeaching, is not material, and fails to establish a sufficient

3

probability that a new trial would result in an acquittal. We have held that in exceptional circumstances a new trial may be granted on the basis of impeachment evidence alone. United States v. Quiles, 618 F.3d 383, 392 (3d Cir. 2010)). But we have emphasized that "[t]o warrant a new trial based on impeachment evidence, there must be 'a factual link between the heart of the witness's testimony at trial and the new evidence' and '[t]his link must suggest directly that the defendant was convicted wrongly.'" United States v. McGee, 763 F.3d 304, 321 (3d Cir. 2014) (quoting Quiles, 618 F.3d at 392).

As noted above, Snell alleges that evidence of the victims' civil lawsuit against him, if used to attack the victims' credibility, would have led to his acquittal.[1] We disagree. Although Minnick testified that she was robbed, that assertion was never contested by Snell.[2] Indeed, Snell did not deny that a robbery took place or that Aimes and Gibson were the perpetrators. Instead, Snell sought to undermine the credibility of Aimes, claiming that Aimes and Gibson had duped him into driving them to Pottstown, and that he had no knowledge of the intended robbery. Because Snell did not enter the apartment, Minnick did not identify him as one of the robbers. Thus, there is "no

[1] Notably, Snell does not argue that the evidence would have altered the outcome of his third trial, at which he was found guilty. Rather, he claims that the evidence would have resulted of an acquittal in his first trial, which ended in a hung jury. See Appellant's Br., 2, 5. But the evidence's effect on the first trial is not relevant. Cf. United States v. Achobe, 560 F.3d 259, 268 (5th Cir. 2008) (holding that "where a first trial has ended in a mistrial due to a hung jury and a second trial leads to a conviction, the sufficiency of the evidence presented at the first trial cannot then be challenged on appeal."). Nevertheless, we will consider Snell's claims as they apply to his third trial.

[2] The other victim, Stackhouse, was not called as a witness, so evidence of the civil lawsuit could not have been used to impeach him.

4

exculpatory connection" between the evidence of the victims' lawsuit and Snell's criminal acts, United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000), and any factual link between Minnick's testimony and evidence of her civil lawsuit does not suggest that Snell was wrongly convicted. Finally, because we also conclude that evidence of the victims' lawsuit was not material to Snell's guilt, his Brady/Giglio claim fails. See United States v. Walker, 657 F.3d 160, 186, 188 (3d Cir. 2011) (stating that "it is only those new avenues of impeachment that sufficiently undermine confidence in the verdict that will make out a successful Brady claim.").

For the reasons above, we will affirm the judgment of the District Court.